## JOHNSTOWN TRIBUNE PUB. CO. v. BRIGGS.

### No. 5494.

Circuit Court of Appeals, Third Circuit.

March 5, 1935.

J. Earl Ogle, Jr., of Johnstown, Pa., for appellant.

Russell R. Yost and Graham, Yost & Meyers, all of Johnstown, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania. The appellee entered into a written contract with the appellant, the Johnstown Tribune Publishing Company. By the terms of this contract, the appellee agreed to secure for the appellant advertisements to be published in a weekly business review page for five periods consisting of thirty weeks each, and the appellant agreed to pay the appellee 50 per cent. of the gross receipts. The contract was executed for the first two periods, but thereafter the appellant discontinued the business review page. The appellee sued in assumpsit for breach of contract, alleging that he had tendered performance and that he was ready, willing, and able to carry out his part of the contract. He claimed a loss of anticipated profits which would have aggregated $6,641.07 if profits had continued at the same rate during the last three periods of the proposed publication as during the first two. The jury returned a verdict for the appellee in a sum less than the amount claimed. This appeal is from the judgment entered upon the verdict.

During the trial, the appellee was permitted to testify that he had successfully and profitably run similar business review pages in over one hundred cities' in the United States and Canada. It is difficult to gauge the effect of such testimony upon the jury. We think that, in the absence of evidence to prove that conditions were identical to those in Johnstown at the time of the alleged breach, it was error to admit this testimony.

The appellee contends that our ruling in Eastern Terminal Lumber Co. v. Stitzinger, 35 F.(2d) 333, would justify the admission of the testimony. We think that case may be distinguished from the instant one. There we allowed anticipated profits to be proved by showing the profits which had been made by the defendants month by month under the contract there in suit and

which continued in force without change in the conditions under which the defendants operated. In that case there were no changes in the existing conditions. In the instant case there was no evidence to show that the conditions in the one hundred or more cities in which the appellee claimed to have successfully carried on similar projects were the same as the conditions in Johnstown. Upon the same testimony as in the instant case, the Supreme Court of Tennessee, in Journal & Tribune Co. v. Briggs, (unreported)[1] decided adversely to the appellee's contention. We think the trial court was in error in admitting the testimony.

The judgment is reversed, with a venire de novo.